## Weiss v. Raker et al.

*Robert V. Moser*, for plaintiff.

*John L. Pipa, Jr.*, and *Frank S. Moser*, for defendants.

TROUTMAN, J., July 19, 1948.—An action in assumpsit was instituted by plaintiff, Aaron Weiss, on December 29, 1947, against the trustees of the estate of Frederick D. Raker, as defendants, claiming damages

for an alleged breach of a written agreement. The complaint was served on Ralph E. Raker, Conrad J. M. Raker and Eva Susan Eadie, alleged trustees of the estate of Frederick D. Raker, deceased. Preliminary objections were filed to the said complaint and an amended complaint was filed by plaintiff on April 5, 1948, wherein the caption was changed to "Ralph E. Raker, Conrad J. M. Raker and Eva Susan Eadie, trustees of the estate of Frederick D. Raker, deceased, defendants". On April 19, 1948, preliminary objections were filed to plaintiff's amended complaint by defendant Ralph E. Raker, and by defendant Conrad J. M. Raker, each of whom had a separate attorney. Plaintiff filed a preliminary objection to the preliminary objections filed by Conrad J. M. Raker and within a period of 10 days from the service of plaintiff's preliminary objection, amended preliminary objections were filed by defendant, Conrad J. M. Raker.

There is now before the court for disposition plaintiff's preliminary objection to the preliminary objections of Conrad J. M. Raker, one of defendants, to plaintiff's complaint. There are 16 amended preliminary objections to plaintiff's complaint, filed by defendant Conrad J. M. Raker, and there are also 16 preliminary objections to plaintiff's complaint filed by defendant Ralph E. Raker.

The matter about which the preliminary objection of plaintiff complains in relation to the preliminary objections of defendant Conrad J. M. Raker has been cured by the filing of amended preliminary objections by said defendant within a period of 10 days after the filing of plaintiff's preliminary objection. Plaintiff objected to the objections of Conrad J. M. Raker on the ground that they were not properly signed by the attorney of record as provided under Rule 1023 (a) of the Pennsylvania Rules of Civil Procedure. The said rule provides that preliminary objections must be signed

by the attorney of record in his individual name. However, under the authority of rule 1028 (c) a party may file an amended pleading as of course within 10 days after service of a copy of preliminary objections. Plaintiff's preliminary objection was filed on May 3, 1948, and on May 10, 1948, defendant Conrad J. M. Raker filed amended preliminary objections which cured the defect raised in plaintiff's preliminary objections. Therefore, plaintiff's preliminary objection to the preliminary objections of Conrad J. M. Raker must be overruled and dismissed.

The preliminary objections to plaintiff's amended complaint filed by Ralph E. Raker are identical with those filed by defendant Conrad J. M. Raker, except that the first preliminary objection contains the additional statement after the word approved, "and acquiesced in, and if in writing, the writing is not attached", which was evidently a typographical omission. We shall consider the preliminary objections filed by both defendants together.

The fourteenth, fifteenth and sixteenth preliminary objections raise the question as to whether plaintiff's amended complaint sets forth a legal cause of action. Plaintiff's right to recover is based on a written agreement alleged to have been executed by defendant Ralph E. Raker, trustee under the will of Frederick D. Raker and plaintiff, Aaron Weiss, which agreement is made part of the complaint and marked Exhibit "C". The agreement does not mention the names of defendants Conrad J. M. Raker and Eva Susan Eadie, nor does it purport to have been executed by said Ralph E. Raker in behalf of himself as a trustee and the other defendants, as trustees. Paragraph 3 of the complaint avers that defendants were appointed trustees of the estate of Frederick D. Raker, deceased, under and by virtue of a certain trust agreement dated July 30, 1932, which is attached to the complaint and marked Exhibit "A". A reading of this agreement shows that it was made

in the lifetime of Frederick D. Raker and reserved the right in the said Frederick D. Raker at all times after the date of execution to revoke the trust in whole or in part, upon giving to the trustees 30 days' written notice of his intention so to do. While the trust agreement does purport to make disposition of the corpus of the trust following the death of settlor, Frederick D. Raker, there is no reference to any will of Frederick D. Raker contained in the trust agreement.

The complaint does not set forth the will of Frederick D. Raker, deceased, under which the said Ralph E. Raker was appointed trustee and this court is unable to determine whether he was the sole trustee appointed under the said will or whether remaining defendants, Conrad J. M. Raker and Eva Susan Eadie, are also named cotrustees under the will of Frederick D. Raker, deceased.

A careful reading of the amended complaint shows that plaintiff undertakes to impose liability on the three defendants, Ralph E. Raker, Conrad J. M. Raker and Eva Susan Eadie, as trustees under an agreement of trust made by Frederick D. Raker in his lifetime, by virtue of an agreement executed by plaintiff and Ralph E. Raker as trustee under the will of Frederick D. Raker, deceased. Since the will of Frederick D. Raker is not pleaded, the court is unable to determine any causal connection between the will and the trust agreement of Frederick D. Raker. Inasmuch as the averments of the complaint are inconsistent and it is impossible to determine whether the alleged liability of defendants, as trustees, arises because of the will or because of the trust agreement, we are obliged to sustain the fourteenth, fifteenth and sixteenth preliminary objections of both defendants, Ralph E. Raker and Conrad J. M. Raker.

Since the court has sustained the foregoing preliminary objections and has determined that the complaint does not set forth a legal cause of action it is unneces-

sary to discuss the other preliminary objections. However, since it may be of some help in preparing an amended pleading, the court will briefly refer to them. The first, second, third, fifth, sixth, tenth, eleventh and twelfth preliminary objections raise the question as to the right of one trustee to bind the trust estate where the trust agreement provides for the appointment of three trustees, who shall act jointly. Since the agreement upon which suit is brought is signed by Ralph E. Raker, as trustee under the will of Frederick D. Raker, and the said will is not pleaded and in the absence of any averments of a legal causal connection between the trust provisions under the trust agreement identified as Exhibit "A" in the complaint and the provisions of the will, there would be no point in construing the provisions of the said agreement of trust in respect to the power of one trustee to bind his cotrustees or to construe the averments as to delegation of authority or as to approval of and acquiescence in the acts of the trustee, Ralph E. Raker, on the part of his cotrustees.

The fourth preliminary objection complains as to the failure of the complaint to state whether or not the tenant referred to in paragraph 9 is still occupying the premises in question. The seventh and eighth preliminary objections complain that there is no averment in the complaint which avers that demand for possession of the premises had ever been made and the ninth preliminary objection complains that the complaint contains no averments that any sum of money is legally due plaintiff by defendants. The thirteenth preliminary objection, inter alia, complains that there is no copy of the will of Frederick D. Raker attached to the complaint. The agreement, marked plaintiff's Exhibit "C", provides for the eviction of the tenant who was then in possession and likewise contains a provision that if Raker shall be unable to secure the eviction of the tenant before February 1, 1947, each

party to the agreement shall have the right to cancel the same upon written notice. It therefore becomes quite important to set forth whether there had been a demand for possession of the premises and why defendants were unable to deliver possession of the premises. These averments should be made specific so that proper answer might be made thereto. Therefore the fourth, seventh, eighth, ninth and thirteenth preliminary objections are sustained. While we are of the opinion that plaintiff's complaint does not sufficiently set forth a legal cause of action against defendants Ralph E. Raker and Conrad J. M. Raker, nevertheless, there may be a substantial right of action existing and we shall permit plaintiff to file an amended complaint, if he so desires, in accordance with this opinion.

### Order

And now, to wit, July 19, 1948, the fourteenth, fifteenth and sixteenth preliminary objections filed by defendants Ralph E. Raker and Conrad J. M. Raker to plaintiff's complaint are sustained with leave to plaintiff to file an amended complaint within 20 days from this date. In the event that no such complaint is filed by plaintiff within such time, judgment will be entered in favor of defendants Ralph E. Raker and Conrad J. M. Raker.